United States District Court
Southern District of Texas
**ENTERED**
December 26, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| MARTIN LEE KENNEDY, (TDCJ # 01474898) § § § Plaintiff, § § vs. § § MARSHA MOBERLEY, Parole § Commissioner, § § Defendant. § | CIVIL ACTION NO. H-23-4096 |

## MEMORANDUM OPINION AND ORDER

Martin Lee Kennedy, (TDCJ # 01474898), sues under 42 U.S.C. § 1983, alleging that Parole Commissioner Marsha Moberley violated his civil rights by discriminating against him during his parole hearings. (Docket Entry No. 1). Kennedy has also filed a motion for leave to proceed without prepaying the filing fee, but he did not include a certified copy of his inmate trust fund account statement as required by 28 U.S.C. § 1915(a)(2). (Docket Entry No. 2). Because Kennedy is currently incarcerated, the court is required to closely examine his claims and dismiss the complaint in whole or in part if it determines that it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). After reviewing Kennedy's complaint, the court dismisses his action, for the reasons explained below.

**I.    Discussion**

    **A.    Noncompliance with a Court Order**

The Prison Litigation Reform Act, 28 U.S.C. § 1915, requires a prisoner seeking to proceed without prepaying the filing fee to submit a certified copy of the prisoner's "trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing

of the complaint." 28 U.S.C. § 1915(a)(2). When he filed his motion to proceed without prepaying the filing fee, Kennedy did not provide a certified copy of his inmate trust fund account statement, in violation of § 1915(a)(2). The court denied Kennedy's motion for leave to proceed without prepaying the filing fee but explained that the motion would be reconsidered if he filed a certified copy of his inmate trust fund account statement on or before December 4, 2023. (Docket Entry No. 9).

To date, Kennedy has neither paid the filing fee nor provided the court with a certified copy of his inmate trust fund account statement to support his motion for leave to proceed without prepaying the filing fee. The court-ordered time to comply has expired. Kennedy's failure to pursue this action forces the court to conclude that he lacks due diligence. Dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (a district court may dismiss an action on its own for failure to prosecute or to comply with any court order).

**B.    Merits**

Even if Kennedy had paid the filing fee or filed a properly supported motion to proceed without prepaying the filing fee, the court would dismiss this action because his allegations do not state a claim on which relief can be granted. Kennedy alleges that Moberley discriminated against him by refusing to grant him parole while granting parole to other prisoners convicted of "more serious offenses" than his. (Docket Entry No. 1, p. 4). Kennedy does not seek release from prison. Instead, he asks the court to order Moberley to pay him $200,000 in punitive damages for her allegedly discriminatory conduct. (*Id.*).

To state an actionable § 1983 claim, the plaintiff must allege that the defendant, while acting under color of state law, deprived the plaintiff of a right secured by the United States

2

Constitution, a federal statute, or both. *See Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). Texas state prisoners do not have a constitutional or other federal right to parole, so they cannot challenge state parole review decisions or procedures under § 1983. *See, e.g., Toney v. Owens*, 779 F.3d 330, 341-42 (5th Cir. 2015); *Johnson v. Rodriguez*, 110 F.3d 299, 308-09 (5th Cir. 1997) (disallowing an equal protection challenge to state parole procedures). In addition, Kennedy does not allege that he was treated differently from similarly situated prisoners. *See Martinez v. Abbott*, 796 F. App'x 196, 202 (5th Cir. 2019) (per curiam) (an equal protection claim arising from parole proceedings requires evidence that similarly situated prisoners were treated differently). Kennedy's allegation that Moberley treated him differently from other state prisoners fails to allege an equal protection violation that would entitle him to relief under § 1983. His claim against Moberley is dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

## II.     Conclusion

Kennedy's complaint, (Docket Entry No. 1), is dismissed with prejudice. All pending motions are denied as moot. Final judgment is separately entered. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court will send a copy of this Memorandum Opinion and Order to the Three-Strikes List Manager at the following email: Three_Strikes@txs.uscourts.gov.

SIGNED on December 26, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge